## PARTITION—WILLS—MORTGAGES.

[Lucas (6th) Circuit Court, October 3, 1903.]

TOLEDO LOAN CO. V. CATHERINE LARKIN ET AL.

1. PROVISION IN WILL FORBIDDING SALE OF REAL ESTATE DOES NOT PRECLUDE WIDOW FROM MORTGAGING LIFE ESTATE.

Where a will gives a life estate in certain real property to testator's widow with remainder to his children and provides that the property shall not be sold during the life of the widow, such proviso does not affect the right of the widow to dispose of her life estate or to release a part of it by joining in a mortgage with one of the children.

2. PROVISION AGAINST SALE REPUGNANT TO DEVISE OF REMAINDER.

A clause in a will providing that property devised to testator's widow for life with remainder to his heirs shall not be sold during the life of the widow is repugnant to the devise made to the heirs and is void.

3. MORTGAGEE MAY MAINTAIN PARTITION AGAINST LIFE TENANT AND REMAINDER-MAN.

Where property devised by a testator to his widow for life with remainder to his children is mortgaged by one of the remaindermen, the widow joining in the mortgage, the mortgagee, after foreclosure and decree for the sale of the mortgagor's interest therein, has a title in fee as to such interest, with the right of immediate possession and may maintain an action for partition to have that portion set off to him.

4. LIFE TENANT ESTOPPED TO DENY RIGHT OF MORTGAGEE OF REMAINDERMAN TO FEE OF MORTGAGED PROPERTY.

Where a life tenant joins with a remainderman in a mortgage of the latter's undivided interest in the property therein and, upon foreclosure of such mortgage, is made a party but fails to appear he is estopped, in a subsequent action for partition by the mortgagee, to deny the title of such mortgagee to the fee of the property covered by the mortgage.

APPEAL from court of common pleas of Lucas county.

King & Tracy, for plaintiff.

Frank M. Sala, for defendant.

## HAYNES, J.

This is an action in partition. William Larkin died possessed of certain real estate in this county, being farm land and about sixty-nine acres in extent. He had made a will and willed that his widow, Catherine, should have the use of the property during her life and the remainder was to be divided among his seven children. He also made a proviso in this will that the property should not be sold during the life of his widow. One of the sons, desiring to raise money, made a mortgage to the Toledo Loan Company, his mother joining in the mortgage, by which he mortgaged to the loan company a one-seventh interest in said premises. The loan was not paid, and the loan company brought suit to foreclose the

mortgage, making, of course, the mortgagor and also Mrs. Larkin, the widow, parties to the suit; and such proceedings were had in the case that a decree was taken for the sale of one undivided one-seventh of the property. The widow in that case did not answer or set up any defense. After the purchase was made by the loan company, it brought a suit in partition to have a part of it set off to it, being one undivided one-seventh of the property, in severalty. Now the defense is made by the heirs and by the widow also, or, rather, they set up the claim that a partition cannot be had at the present time. She sets up further that she had no interest in the loan, received no portion of it and that it was a loan to her son; that she had been told it was necessary for her to sign the mortgage in order to enable her son to borrow the money. There is some color to that claim in the language that is used in the mortgage itself; but in the suit to foreclose the whole matter is set up, and it is claimed by the plaintiff that it is entitled to an undivided one-seventh, and the widow makes no objection to that. If she had set up in that suit what she sets up in this, the matter could have been litigated there; but, she having failed to do anything of the kind, we think that bars her from setting it up in this suit; the case must be disposed of here as upon the fact that the loan company has a right to one-seventh of that property, in fee, and the right to possess it.

The first question made is, that the widow could not transfer or release a portion of her life estate; that therefore her son did not take a full fee, and that the loan company, standing in his shoes, simply has his interest in the property, subject to the right of possession in the widow during her lifetime. To this contention we are unable to agree. We understand the law to be (and the matter is recognized, we think, by the courts of this state) that the widow would have the right to dispose of her life estate, and if so, we see no reason why she cannot dispose of a portion of it by releasing her right to the use of a portion of the estate and retain her remainder of that portion.

The next question that came up was in regard to the clause in the will, that the property should not be sold during the life of the widow. The testator had willed the use of the property to the widow during her life. We may take it for granted that that conveyed to her a life estate, and that in the enjoyment of that property she would be entitled to possession of the property. It did not create a trust, but she was entitled to the possession, and the remainder, subject to that, was given to these heirs. We are clearly of the opinion that that clause of the will (the clause against alienation) is repugnant to the devise made to the children of this property,

and is therefore void, and that that clause has no force or effect and cannot have in any decision we may make in this case.

It is true that the Supreme Court of this state has held, in the case of Tabler v. Wiseman, 2 Ohio St. 207, 208, that where there is a vested life estate in property, no one of the remaindermen can have a partition. That proceeds upon the theory that a partition does not create a title, but simply separates the property and gives to each one who is entitled to possession the right to possess a certain part of the property as his own. There is in this case cited a very full discussion of the question by Judge Ranney, wherein it is shown that the right of possession, as well as the right to the land, must exist in order to enable the party to maintain partition. There are two cases in this state that have a bearing on this question. This whole case of Tabler v. Wiseman, *supra*, has a bearing, and should be read, in order to fully understand the views of the court upon that question. But there was a case, Morgan v. Staley, 11 Ohio 389, which was discussed by Judge Ranney in Tabler v. Wiseman, *supra*, at page 216. That was a case where a man died and his property descended to his heirs. The plaintiff in that case had one-sixth interest in the estate, subject to the widow's dower, and he was also the owner, by purchase, of the widow's dower. Now he had the widow's dower and had one-sixth of the estate by virtue of his heirship, and the court held that so far as the one-sixth of the land was concerned, he had a title to it in fee simple with a right of possession, and so decreed. There is a decision found in Elrod v. Bass, 1 Circ. Dec. 23, 24 (1 R. 38), rendered by Judge Smith. This was a case in which there had been a will made of the property, under divers and sundry conditions, and a life estate had been bought in by one of the persons who owned the reversion or remainder, and the question there came up, whether that party might maintain an action in partition, and this is the syllabus:

"One of several remaindermen, if he is also the owner of the life estate, may maintain partition, but no division among the other reversioners ought to be made unless by their consent, nor ought there to be a sale subject to the life estate if division is possible; but if the life tenant agrees to a sale free of the life estate, it may be had if not prejudicial to the other parties.

"Remaindermen, or reversioners owning no interest in the life estate, cannot maintain partition until the estate expires."

They hold:

"1. That if there be an outstanding life estate on the whole of a particular tract of land, held by a person who is not an owner of any reversionary interest or estate in remainder in said premises, an action

for the partition thereof cannot be maintained by any owner of any interest in reversion or remainder therein."

And then cite Tabler v. Wiseman, *supra.*

"2.   But if one of the remaindermen, or a reversioner is also the owner of the life estate in the whole premises, he may maintain such an action, and if his interest therein can be set off to him without injury to the value of the residue of the estate, it may be done.   This may be necessary to enable such owner of the life estate and an interest in remainder, properly to enjoy and improve his share of the estate.   But (unless by consent of the owners of the remainder), there ought not be a partition of the residue among them, for the reason that, if it should be done, they could acquire thereby no present right in the possession of their shares so set off, and the value of such shares, on account of depreciation of the buildings or improvements thereon, or for other reasons, may greatly change before the termination of the outstanding life estate.   Nor ought there to be a sale of the premises, subject to said life estate, if it cannot be so divided without such consent; for in such case the owner of the life estate manifestly would have a great advantage over the other parties in interest, or persons proposing to be purchasers thereof.   If the owner of the life estate agrees to the sale of the premises *free of his life estate therein,* and consents to take the value thereof in money, to be fixed and ascertained by the court, we are of the opinion that such sale may be had, if it appear to the court that it will not be to the prejudice of the other parties in interest."

Citing Tabler v. Wiseman, 2 Ohio St. 207, 208, and Morgan v. Staley, 11 Ohio 389.   That case we think good law, and in the case at bar we think the loan company have a title in fee with the right to immediate possession of one-seventh of this land, under this decision which we have cited, and to have that portion set off.   Whether they had a right to have a sale of the premises, if partition could not be made, is a question which perhaps is not necessary to decide here, because the plaintiff only seeks a portion of that life estate and the balance remains in the remaining portion of the land; and, as said by Judge Smith in that case, a partition ought not to be made, because the conditions may be greatly changed by the time of the death of the widow, but, for stated reasons we hold that a partition be ordered of the premises, setting off a one-seventh interest, and that is as far as our order goes at present.